UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BROWN & HOWARD YACHT MARINA, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> EVANSTON INSURANCE COMPANY AND ) <br> MARKEL AMERICAN INSURANCE COMPANY, ) <br> ) <br> Defendants. ) | Civil Action No. 22-264 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants, Markel American Insurance Company ("MAIC") and Evanston Insurance Company ("Evanston")(collectively, "Defendants") by and through their undersigned counsel, hereby remove the above-captioned action to the United States District Court for the District of Rhode Island. In support of its notice of removal of the above-captioned action from the State of Rhode Island, Superior Court, Fourth Judicial District, County of Newport, Defendants aver as follows:

1. On or about June 14, 2022, Plaintiffs filed a copy of the Complaint in an action entitled *Brown & Howard Yacht Marina, LLC v. Evanston Insurance Company and Markel American Insurance Company*, in the State of Rhode Island, Superior Court, Fourth Judicial District, County of Newport, Docket No. NC-2022-0167 (the "Lawsuit.") A true and correct copy of the Complaint is attached herewith as Exhibit "A" and incorporated herein by reference.

2. Defendants have not yet been served with a copy of the summons and Complaint in connection with the Lawsuit. Further, less than thirty days have passed since the filing of the Lawsuit. Accordingly, this Notice of Removal is timely filed within the thirty (30) day period set forth in 28 U.S.C. §1446(b).

3. Plaintiff operates a commercial marina and seeks monetary damages allegedly in accordance with an insurance contract entered into between Plaintiff and MAIC. Plaintiff alleges that Defendants breached the insurance contract. Plaintiff further has asserted claims against Defendants for breach of the implied covenant of good faith and fair dealing, common law bad faith, and violation of R.I. Gen. Laws §9-1-33 and §27-9.1-4 *et seq.*

4. The above-captioned action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which provides that the "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between . . . citizens of different states." This action is one that may be removed to the United States District Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

5. Plaintiff is a limited liability company formed and registered under the laws of the State of Rhode Island, with its principal place of business in the State of Rhode Island. As a limited liability company, Plaintiff is comprised of two members, one of which is domiciled in the State of Rhode Island. The other member is domiciled in the State of Florida.

6. Defendant Evanston is an Illinois corporation with its principal place of business in Illinois.

7. Defendant MAIC is a Virginia corporation with its principal place of business in Virginia.

8. Prior to initiating litigation, Plaintiff submitted a demand for payment under the policy that exceeded $75.000.00 and was in excess of the applicable policy limit of $129,635.00. Accordingly, the amount in controversy in this action exceeds $75,000.00.

9. Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal with the State court effects removal, and such State court shall proceed no further unless and until the case is remanded.

10.     Promptly after filing this Notice for Removal, Defendants will give written notice of such filing to the Plaintiff, through its counsel.

11.     By removing this matter, Defendants do not waive or intend to waive any defenses that may be available to them. Further, Defendants deny any and all liability for Plaintiff's claims and assert that they have valid defenses thereto.

12.     Defendants appear herein by and through their undersigned attorneys specifically and solely for the purpose of removing the Lawsuit to the United States District Court.

13.     Consent to removal is established by virtue of all defendants to the Lawsuit joining in this Notice of Removal.

WHEREFORE, Defendants, Markel American Insurance Company and Evanston Insurance Company pray that this Notice of Removal be accepted as good and sufficient, that the aforesaid Lawsuit be removed from the State of Rhode Island, Superior Court, Fourth Judicial District, County of Newport to the United State District Court for the District of Rhode Island for trial and determination as provided by law, and that the United States District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said Lawsuit and thereupon proceed with this civil action as if it had originally been commenced in the United States District Court.

Respectfully submitted,

/s/ *Samuel P. Blatchley*
Samuel P. Blatchley
RI Bar No. 8284
Eckland & Blando LLP
22 Boston Wharf Road
Boston, Massachusetts 02210
(617) 217-6936
sblatchley@ecklandblando.com

*Counsel for Defendants, Markel American Insurance Company and Evanston Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, a copy of the foregoing was filed through the CM/ECF system, and it is available for viewing and downloading from the CM/ECF system such that all appearing counsel have been served with this document by electronic means.

/s/ *Samuel P. Blatchley*