Case Number: NC-2022-0167
Filed in Newport County Superior Court
Submitted: 6/14/2022 3:52 PM
Envelope: 3666664
Reviewer: Sandy L.

Case 1:22-cv-00264-MSM-LDA   Document 1-1   Filed 07/14/22   Page 1 of 7 PageID #: 5

EXHIBIT A

| | |
|---|---|
| STATE OF RHODE ISLAND<br>NEWPORT, SC. | SUPERIOR COURT |
| BROWN & HOWARD YACHT MARINA, LLC<br> Plaintiff, | : <br> : <br> : |
| v. | :   C.A. No.: |
| EVANSTON INSURANCE COMPANY and<br>MARKEL AMERICAN INSURANCE COMPANY<br> Defendants. | : <br> : <br> : <br> : |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Brown & Howard Yacht Marina, LLC is domestic limited liability company with an address of 100 Westminster Street, Suite 1700, Providence, RI 02903.

2. Defendant, Evanston Insurance Company, is a foreign property and casualty insurance company with an address of 10275 W. Higgins Road, Suite 750, Rosemont, IL 60018.

3. Defendant, Markel American Insurance Company, is a foreign property and casualty insurance company with an address of 10275 W. Higgins Road, Suite 750, Rosemont, IL 60018.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under R.I. Gen. Laws § 8-2-14 as this is an action at law in which the amount in controversy exceeds $10,000.00.

5. Venue in this Court is proper under § 9-4-1 et seq.

### FACTS

6. Plaintiff owns property located at 33 Brown & Howard Wharf, Newport, Rhode Island (herein after "the Property").

7. Defendants insured the Property at all relevant times with policy numbers 9CE0353-0 and 9CE0353-1 (hereinafter collectively "the Policy").

Case Number: NC-2022-0167
Filed in Newport County Superior Court
Submitted: 6/14/2022 3:52 PM
Envelope: 3666664
Reviewer: Sandy L.

8. At all relevant times, Plaintiff paid all premiums owed for the Policy.

9. At all relevant times, Plaintiff complied with all terms and conditions contained in the Policy.

10. The Property sustained damage on or about June 15, 2020.

11. Plaintiff filed a claim with Defendants under the Policy for damage sustained to the Property (herein after "the Claim" and "the Loss").

12. Defendants assigned a date of loss of June 15, 2020.

13. Defendants assigned claim number M3596.

14. Defendants covered the Claim under the Policy.

15. Defendants failed to undertake a prompt and timely investigation into the Claim.

16. Defendants delayed the adjustment of the Claim.

17. Defendants failed to evaluate all of the damages sustained as a result of the Loss.

18. Defendants failed to fully and fairly indemnify Plaintiff for all of the damages sustained as a result of the Loss.

19. Defendants forced Plaintiff to demand appraisal.

20. Defendants failed to timely respond to the demand for appraisal.

21. Defendants delayed the Claim, yet refused to enter into a tolling agreement.

22. Defendants repeatedly failed to timely respond to Plaintiff's correspondence.

23. Defendants owe Plaintiff additional monies under the Policy for the damages sustained as a result of the Loss.

## COUNT I
### (Breach of Contract)

24. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23, as if expressly rewritten and set forth herein.

Case Number: NC-2022-0167
Filed in Newport County Superior Court
Submitted: 6/14/2022 3:52 PM
Envelope: 3666664
Reviewer: Sandy L.

25. The Policy constitutes a valid contract between Plaintiff and Defendants.

26. At all relevant times, Plaintiff fulfilled its obligations under the contract.

27. Defendants breached their obligations under the contract by failing to fully and fairly indemnify Plaintiff and pay Plaintiff all amounts owed as a result of the Loss.

28. Defendants breached their obligations under the contract by failing to comply with the demand for appraisal

29. As a direct and proximate result of Defendants' breaches of the contract, Plaintiff suffered and continues to suffer damages for which Defendants are liable.

WHEREFORE, Plaintiff demands that judgment be entered on its behalf against Defendants in the maximum amount allowed by law, plus interest, cost, and attorney's fees and all other amount which are recoverable by law. Furthermore, Plaintiff demands judgment against Defendants in an amount that will adequately compensate Plaintiff for its damages and losses, together with interest and costs.

## COUNT II
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

30. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 29, as if expressly rewritten and set forth herein.

31. Defendants, as a party to the contract, the Policy, made an implied covenant to Plaintiff to deal fairly and act in good faith.

32. Defendants breached the covenant by acting in bad faith by failing to undertake a prompt and timely investigation, delaying the adjustment, failing to evaluate all of the damages, failing to fully and fairly indemnify Plaintiff, forcing Plaintiff to demand appraisal, failing to timely respond to the appraisal demand, refusing to enter into a tolling agreement and failing to timely respond to Plaintiff's correspondence, amongst other acts and omissions.

Case Number: NC-2022-0167
Filed in Newport County Superior Court
Submitted: 6/14/2022 3:52 PM
Envelope: 3666664
Reviewer: Sandy L.

33. As a direct and proximate cause of Defendants' breach of the covenant, Plaintiff suffered and continues to suffer damages for which Defendants are liable.

WHEREFORE, Plaintiff demands that judgment be entered on its behalf against Defendants in the maximum amount allowed by law, plus interest, cost, and attorney's fees and all other amount which are recoverable by law. Furthermore, Plaintiff demands judgment against Defendants in an amount that will adequately compensate Plaintiff for its damages and losses, together with interest and costs.

## COUNT III
### (Common Law Bad-Faith)

34. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 33, as if expressly rewritten and set forth herein.

35. Defendants, in their authorized capacity to issue policies of insurance and by their contractual relation with Plaintiff, have a duty to deal and act in good faith.

36. Defendants acted and continue to act in bad faith by failing to undertake a prompt and timely investigation, delaying the adjustment, failing to evaluate all of the damages, failing to fully and fairly indemnify Plaintiff, forcing Plaintiff to demand appraisal, failing to timely respond to the appraisal demand, refusing to enter into a tolling agreement and failing to timely respond to Plaintiff's correspondence, amongst other acts and omissions.

37. As a direct and proximate cause of Defendants' bad faith, Plaintiff suffered and continues to suffer damages for which Defendants are liable.

WHEREFORE, Plaintiff demands that judgment be entered on its behalf against Defendants in the maximum amount allowed by law, plus interest, cost, and attorney's fees and all other amount which are recoverable by law. Furthermore, Plaintiff demands judgment against

4

Case Number: NC-2022-0167
Filed in Newport County Superior Court
Submitted: 6/14/2022 3:52 PM
Envelope: 3666664
Reviewer: Sandy L.

Defendants in an amount that will adequately compensate Plaintiff for its damages and losses, together with interest and costs.

## COUNT IV
### (Violations of R.I. Gen. Laws §9-1-33 and R.I. Gen. Laws §27-9.1-1 et seq.)

38. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 37, as if expressly rewritten and set forth herein.

39. Defendants, in their authorized capacity to issue policies of insurance and by their contractual relation with Plaintiff, have a duty to deal and act in good faith.

40. Defendants acted and continue to act in bad faith because Defendants wrongfully refused to pay for the Claim.

41. Defendants acted and continues to act unfairly because Defendants misrepresented to Plaintiff relevant facts or policy provisions relating to coverage at issue.

42. Defendants acted and continue to act unfairly because Defendants failed to attempt in good faith to promptly, fairly and equitably effectuate settlement of the Claim submitted to them where liability is and has been reasonably clear.

43. Defendants acted and continue to act unfairly because Defendants failed to acknowledge and act with reasonable promptness upon pertinent communications with respect to claims arising under the policies.

44. Defendants acted and continue to act unfairly because Defendants compelled Plaintiff to institute suit to recover amounts due under the Policy by offering substantially less than the amount that will ultimately be recovered.

45. Defendants acted and continue to act unfairly because Defendants refused to pay the Claim without conducting a reasonable investigation.

Case Number: NC-2022-0167
Filed in Newport County Superior Court
Submitted: 6/14/2022 3:52 PM
Envelope: 3666664
Reviewer: Sandy L.

46. Defendants acted and continue to act unfairly because Defendants failed to affirm or deny coverage of claims within a reasonable time after having completed their investigation related to the Claim.

47. Defendants acted and continue to act unfairly because Defendants failed to provide a reasonable and accurate explanation for the basis of their position.

48. The circumstances surrounding Defendants' refusal to pay the Claim involving the Loss and the conduct of the Defendants, their agents, employees, and/or servants in the refusal to pay the Loss are such to give rise to a claim for bad faith pursuant to R.I. Gen. Laws §9-1-33.

49. The circumstances surrounding Defendants' refusal to pay the claim and their handling of Plaintiff's Claim constitute unfair conduct in violation of R.I. Gen. Laws §27-9.1-1 et seq.

50. As a direct and proximate cause of Defendants' violations of R.I. Gen. Laws §9-1-33 and R.I. Gen. Laws §27-9.1-1 et seq., Plaintiff has suffered and continues to suffer damages for which Defendants are liable.

WHEREFORE, Plaintiff demands that judgment be entered on its behalf against Defendants in the maximum amount allowed under of R.I. Gen. Laws §9-1-33, including but not limited to compensatory damages, punitive damages, and attorneys' fees. Furthermore, Plaintiff demands that judgment be entered on its behalf against Defendants for interest, costs, and all other amounts which are recoverable by law.

### **DEMANDS FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

1. Enter a judgment against Defendants declaring that the Defendants are legally and financially responsible for the damages that Plaintiff sustained following the loss;

2. Award Plaintiff compensatory damages against Defendants in an amount equal to the damage it has incurred and suffered to its real and personal property, and loss of income, following the loss;

Case Number: NC-2022-0167
Filed in Newport County Superior Court
Submitted: 6/14/2022 3:52 PM
Envelope: 3666664
Reviewer: Sandy L.

3. Award Plaintiff its costs of suit, including attorneys' and expert witnesses' fees;

4. Award Plaintiff interest, including, but not limited to, pre-judgment interest;

5. Award Plaintiff punitive damages; and

6. Fashion such other and further relief as the Court deems just and proper.

### JURY DEMAND

The Plaintiff, Brown & Howard Yacht Marina LLC, hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
The Plaintiff,
Brown & Howard Yacht Marina LLC,
By Its attorneys,

*/s/ John A. Donovan III*

John A. Donovan III, No. 5707
Judah H. Rome, No. 9711
SLOANE AND WALSH, LLP.
652 George Washington Highway, Suite 302
Lincoln, RI 02865
P: 401-495-6796
JDonovan@sloanewalsh.com
JRome@sloanewalsh.com

DATE: June 14, 2022